IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Wylmina E. Hettinga, et al.,<br><br>    Plaintiffs,<br>  v.<br><br>John Orlando, et al.,<br><br>    Defendants.<br>_____/ | NO. C 09-00253 JW<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

## I. INTRODUCTION

Wylmina E. Hettinga ("Hettinga"), individually and as guardian *ad litem* of her four minor children (collectively, "Plaintiffs"), bring this action against the State of California ("State"), Honorable Leslie Nichols ("Judge Nichols"), Honorable Derek Woodhouse ("Judge Woodhouse"), Commissioner John Schroeder ("Commissioner Schroeder"), and John Orlando ("Orlando") (collectively, "Defendants"), alleging violations of 42 U.S.C. §§ 1983, 1985 and 1986. Plaintiffs allege that Defendants violated their civil rights by allowing communications between Plaintiff Hettinga and her children to be recorded and using those recordings as evidence in state-court custody hearings.

Presently before the Court is Defendants' Motion to Dismiss.[1] The Court conducted a hearing on April 13, 2008. Based on the papers submitted to date and oral argument, the Court GRANTS Defendants' Motion to Dismiss.

---

[1] (Motion to Dismiss, hereafter, "Motion," Docket Item No. 10.)

## II. BACKGROUND

In a Complaint[2] filed on January 21, 2009, Plaintiffs allege as follows:

On March 21, 2006, the California Superior Court issued an order allowing Plaintiff Hettinga's communications to be recorded based on allegations that she was a perpetrator of domestic violence. (Complaint ¶ 30.) On May 4, 2006, John Orlando requested and received 78 recordings and created an evaluation attempting to limit Plaintiff Hettinga's legal custody of her minor children and reduce her visitation with them. (Id. ¶ 32.) On several occasions in May 2007, Judge Nichols encouraged, requested and reviewed additional recordings of Plaintiff Hettinga's communications, including recordings of communications with business associates, neighbors, members of her religious organization, and other independent third parties. (Id. ¶ 34.) On January 25, 2008, additional recordings were admitted into the Superior Court as evidence. (Id. ¶ 36.) On April 14, 2008, Commissioner Schroeder issued an order stating that communications between Plaintiff Hettinga and her children could be recorded based upon a hearing held on November 15, 2005. (Id. ¶ 37.)

On May 5, 2008, Plaintiffs filed a lawsuit alleging that their privacy had been invaded by the Superior Court. (Complaint ¶ 38.) On June 9, 2008, Judge Woodhouse filed an order stating that the recordings submitted on January 25, 2008 were "facts, credible and supported by the record" to assist in the determination of who was the perpetrator of the domestic violence charges. (Id. ¶ 39.) These acts by Defendants were completed without a warrant, without just cause, without probable cause or the voluntary consent of any of the Plaintiffs. (Id. ¶ 40.) The State took no action at any point in time to "correct the abuse" of its subordinate judicial officers, in allowing the recording and review of Plaintiff Hettinga's communications or "prevent them from continuing to engage in such misconduct." (Id. ¶ 41.)

---

[2] (Complaint; Demand for a Jury Trial, hereafter, "Complaint," Docket Item No. 1.)

On the basis of the allegations outlined above, Plaintiffs allege three causes of action as follows: (1) Violation of Civil Rights pursuant to 42 U.S.C. § 1983; (2) Conspiracy to Violate Civil Rights pursuant to 42 U.S.C. § 1985; and (3) Failure to Prevent Civil Rights Violations pursuant to 42 U.S.C. § 1986.

Presently before the Court is Defendants' Motion to Dismiss.[3]

### III. STANDARDS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief may be granted against that defendant. Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533- 534 (9th Cir. 1984). For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). Any existing ambiguities must be resolved in favor of the pleading. Walling v. Beverly Enters., 476 F.2d 393, 396 (9th Cir. 1973).

However, mere conclusions couched in factual allegations are not sufficient to state a cause of action. Papasan v. Allain, 478 U.S. 265, 286 (1986); see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988). The complaint must plead "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Courts may dismiss a case without leave to amend if the Plaintiffs is unable to cure the defect by amendment. Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

---

[3] In addition, before the Court is Defendant Walter Hammon's Motion to Dismiss. (Docket Item No. 23.) It appears that after the April 13, 2009 hearing, Plaintiff filed A "First Amended Complaint" to include claims against Mr. Hammon. (Docket Item No. 20.) Since the First Amended Complaint was filed after the Court's indication at the hearing that it would dismiss the case, the Court finds that it was improperly filed. Accordingly, the Court STRIKES the First Amended Complaint and DENIES Mr. Hammon's Motion to Dismiss as moot.

3

## IV.  DISCUSSION

Defendants move to dismiss all of Plaintiffs' claims on the grounds that they are (1) barred by absolute judicial and quasi-judicial immunity, (2) barred by Eleventh Amendment immunity, (3) barred pursuant to the Rooker-Feldman doctrine, and (4) barred by the doctrine of *res judicata.* (Motion at 2.)  Since the Rooker-Feldman doctrine may prove dispositive, the Court considers that issue first.

Defendants contend that Plaintiffs' claims are barred by the Rooker-Feldman doctrine because, in order to adjudicate this case, the Court would have to engage in the review of state court determinations regarding Plaintiff Hettinga's child custody proceeding.  (Motion at 4.)

Under the Rooker-Feldman doctrine, a federal district court has no subject matter jurisdiction to review the final determinations of a state court in judicial proceedings.  See District of Columbia Ct. App. v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923).  Instead, the proper court in which to obtain such review is the United States Supreme Court. 28 U.S.C. § 1257; Feldman, 460 U.S. at 476.  The Rooker-Feldman doctrine precludes not only review of decisions of the state's highest court, but also those of its lower courts.  See Dubinka v. Judges of Sup. Ct., 23 F.3d 218, 221 (9th Cir. 1994).  A challenge under Rooker-Feldman may be raised at any time by either party or *sua sponte* by the court.  Olson Farms, Inc. v. Barbosa, 134 F.3d 933, 937 (9th Cir. 1998).  "The Rooker-Feldman doctrine, generally speaking, bars a plaintiff from bringing a § 1983 suit to remedy an injury inflicted by the state court's decision."  Jensen v. Foley, 295 F.3d 745, 747 (7th Cir. 2002).

The Rooker-Feldman doctrine applies when a plaintiff in federal court alleges a "de-facto appeal" of a state-court judgment by (1) asserting errors by the state court as an injury and (2) seeking relief from the state court judgment as a remedy.  Kougasian v. TMSL, Inc., 359 F.3d 1136, 1140 (9th Cir. 2004). When determining whether a plaintiff has asserted an error by the state court as her injury, the court must distinguish between "a legal error by the state court" and "a wrongful act by the adverse party."  Id. at 1140-41.  A court must consider "the essence of the action, not how

4

United States District Court
For the Northern District of California

[the plaintiff] chooses to frame the action" when determining whether a plaintiff's injury emanates from state-court error or independently wrongful conduct. <u>Arroyo ex rel. Arroy-Garcia v. County of Fresno</u>, No. C 07-1443 AWI, 2008 WL 540653, at *6 (E.D. Cal. Feb. 25, 2008) (citing <u>Feldman</u>, 460 U.S. at 483). Those causes of action constituting the de-facto appeal as well as causes of action "inextricably intertwined" with the de-facto appeal are barred under <u>Rooker-Feldman</u>. <u>Id.</u>

In this case, Plaintiffs allege that as a consequence of the "abuse of authority and misconduct" on the part of Defendants, Plaintiff Hettinga experienced humiliation, emotional distress, pain and suffering. (Complaint ¶ 46.) With respect to the Defendants' misconduct, Plaintiffs allege the following:

> Judge Derek Woodhouse willfully violated several Federal Rules of Evidence and California Penal Code 632 when he ruled . . . Plaintiffs' recorded communications constituted facts . . . Derek Woodhouse also deprived Plaintiff of [her] Eighth Amendment rights to be free from excessive fines, and cruel and unusual punishment when he sanctioned Plaintiff Hettinga in the amount of $100,000. (Complaint ¶¶ 22, 39, 49.)

> Commissioner John Schroeder, Superior Court, who ruled on the ruling made by Judge Ralph Brogdon . . . issued an order stating that communications between the Plaintiff [and her children] could be recorded, based upon a hearing held on November 15, 2005. (Complaint ¶¶ 20, 37.) This was an unwarranted order propagated without just cause. (Complaint ¶ 20.)

> John Orlando, child custody and visitation evaluator for the Superior Court, requested and reviewed an additional 78 recordings, unilaterally interpreted them, and created an evaluation attempting to limit Wylmina's legal custody of her minor children and reduce her visitation with them. (Complaint ¶ 32.)

> Judge Leslie Nichols, as supervisory judge, responsible for the conduct of Defendant, John Orlando, who should have taken corrective action against John Orlando . . . encouraged, requested and reviewed additional recording[s] of Plaintiffs' communications . . . and issued a judgment [removing] Wylmina from custody of her minor children and further limiting her visitation with the minor children. (Complaint ¶¶ 18, 34.)

> The State of California, is sued in its capacity as final policy maker for all Defendants . . . in determining the ability to obtain recordings of Plaintiffs' communications . . . [and] provided their employees with a warrantless ability to allow recorded communications as hearsay evidence into trials and hearings. (Complaint ¶¶ 23, 45.)

In the "Introduction" to their Complaint, Plaintiffs characterize Defendants' conduct as "remotely entering [Plaintiff Hettinga's] residence [through recorded communications] . . . to *personally* gain

5

evidence to assess [her] ability to be a mother to her minor children . . . ."[4] (Complaint ¶ 18.) Although Plaintiffs allege that Defendants conduct constitutes illegal acts, external to their official duties, such conclusory allegations are insufficient. See Arroyo-Garcia, 2008 WL 540653, at *6. Plaintiffs' factual allegations reveal that the crux of Plaintiffs' injuries are based on the admission of certain recordings of Plaintiff Hettinga into evidence in a Superior Court proceeding, the review of those recordings by various judicial officers, the imposition of fines by the Superior Court, and the issuance of rulings unfavorable to Plaintiff Hettinga and her minor children.[5] Thus, the Court finds that Plaintiffs' alleged injuries arise from alleged errors committed in state court.

With respect to Plaintiffs' requested relief, Plaintiffs seek a preliminary injunction, "reversing the judgment made by Judge Leslie Nichols in its entirety." (Complaint at 14.) Plaintiffs also seek a preliminary and permanent injunction enjoining all Defendants from (1) unlawfully seizing and searching persons and their property, including their private communications, (2) using judicial forms under Cal. Pen. Code § 633.6(a), which allow the lawful recording of communications between alleged perpetrators of domestic violence and their alleged victims, and (3) allowing alleged victims to present their domestic violence case, therefore resulting in an order to obtain relief through recorded communications under Cal. Pen. Code § 633.6(a). (Id.)

The relief Plaintiffs seek would require the Court to scrutinize the propriety of the state court proceedings at issue, and ultimately reverse the rulings made by various state-court officers. Thus, the Court finds that Plaintiffs' claims are a *de facto* appeal of the state-court proceedings, and the Court therefore lacks subject matter jurisdiction over Plaintiffs' Complaint. See Allah, 871 F.2d at 891.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss.

---

[4] Plaintiffs further allege that Commissioner Schroeder, through his rulings, allowed "John Orlando, Judge Leslie Nichols and Judge Derek Woodhouse the ability, for all intents and purposes, to remotely enter Plaintiffs' residence." (Complaint ¶ 20.)

[5] Although it is somewhat unclear from Plaintiffs' allegations, Plaintiffs appear to seek relief against the State on the grounds of *respondeat superior*.

6

## V. CONCLUSION

The Court GRANTS Defendants' Motion to Dismiss. Dismissals under the Rooker-Feldman doctrine are dismissals for lack of subject matter jurisdiction and thus, should be dismissed without prejudice. See Kougasian v. TMSL, 359 F.3d 1136, 1139 (9th Cir. 2004); Freeman v. Oakland Unified Sch. Dist., 179 F.3d 846, 847 (9th Cir. 1999).

Accordingly, this dismissal is without prejudice. The Clerk shall close this file.

Dated: July 9, 2009

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Paul T. Hammerness paul.hammerness@doj.ca.gov
Bruce Douglas MacLeod, bdm@wsblaw.net
Wlymina@sbcglobal.net

Wylmina E Hettinga
5300 Terner Way, #1206
San Jose, CA 95136


**Dated:  July 9, 2009**                                              **Richard W. Wieking, Clerk**


                                                                      **By:   /s/ JW Chambers            **
                                                                             **Elizabeth Garcia**
                                                                             **Courtroom Deputy**

**United States District Court**
For the Northern District of California